
FILED
July 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002775811

**2**

**LAW OFFICES OF JOHN M. O'DONNELL**
John M. O'Donnell (CA Bar Assn. No. 142906)
915 University Avenue
Sacramento, CA 95825
Telephone: (916) 563-7744

Attorneys for GARY STEWART

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| GARY STEWART,<br><br>               Debtor. | CASE NO. 10-33758-C-7<br>Motion No. JMO-2<br><br>DATE:  August 3, 2010<br>TIME:  9:30 a.m.<br>DEPT:  C<br>CTRM:  35<br>Hon. Christopher M. Klein<br>**[Local Rule 9014-1(f)(2)]** |

### MOTION TO COMPEL ABANDONMENT OF ASSET OF THE ESTATE

Debtor GARY STEWART (hereinafter "Debtor") respectfully submits this Motion to Compel Abandonment of Asset of the Estate as follows:

    1.    The debtor commenced the above captioned proceeding on May 25, 2010.

    2.    Prior to commencement of the above captioned proceeding, the Debtor operated an automobile repair business commonly known as "Little Bear Automotive" (hereinafter Business") in 7718 Fair Oaks Boulevard, Carmichael, California.

    3.    The Debtor started operating the Business approximately eight and one half years ago. At no time since the Business opened business has the Business generated a meaningful end of the year profit. It has financially struggled since opening, and is in a particular degree of difficulty in this current economy. The Business has difficulty paying its bills, and only pays the Debtor approximately $2,000.00 per month for full time work.

-1-

4. Other than liquidation value of the otherwise exempt tools of the trade, the Business itself has no "going concern" value. At best, it breaks even every month, and has since its inception. However, the Debtor is attempting to make the Business work. The Debtor is continuing to operate the Business post-petition, as he must operate it as his only source of income (nominal as it may be).

5. The Business has no value as a going concern. It is burdensome to the bankruptcy estate, as it cannot be sold to anyone for any price. No buyer would purchase the Business at any price, particularly in this economy. As is, filing this bankruptcy jeopardizes the ongoing viability of the Business as the Debtor will have no further access to credit for the daily operations.

6. The Business is burdensome to the estate and of inconsequential value to the estate.

7. Abandonment of assets of the estate is governed by 11 U.S.C. Sec. 554, which provides as follows:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

8. The Debtor respectfully requests the court to enter an order that the Trustee of the bankruptcy estate abandon the Business from the estate.

WHEREFORE, Debtor respectfully requests the court to enter an order that the Trustee of the bankruptcy estate abandon the Business from the estate.

Dated: July 13, 2010                    LAW OFFICES OF JOHN M. O'DONNELL

                                                     By____/s/ John M. O'Donnell_____
                                                     JOHN M. O'DONNELL
                                                     Attorneys for Debtor GARY STEWART